## Hilliard, Appellant, *v.* Connelly.

*Ejectment—Deed—Evidence.*

In an action of ejectment where the plaintiffs offer in evidence a deed from a former owner which contains a recital that the deed conveys the same tract or piece of land deeded to the grantor by the county treasurer under a tax sale, and there is no allegation or proof that such owner had any other title than the one conveyed to him by the treasurer, the plaintiff will not be permitted to offer in evidence or claim under another deed from the widow and heirs of such owner, inasmuch as the record showed that the widow and heirs had nothing to convey.

Argued May 13, 1902. Appeal, No. 100, May T., 1902, by plaintiffs, from judgment of C. P. Butler Co., Dec. T., 1901,

No. 164, on verdict for defendant in case of Newton Hilliard and Thomas Henon v. Henry G. Donnelly. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment for land in Washington township. Before GREER, P. J.

At the trial plaintiff showed title in one Samuel H. Kelly by a county treasurer's deed under a tax sale. They then offered in evidence a deed of Kelly to Samuel Dickey. The material portions of this deed are quoted in the opinion of the Superior Court. Plaintiffs then offered in evidence a deed from the widow and heirs of S. H. Kelly to Thomas and Richard Henon, bearing date July 23, 1890, for seventy-five acres, the land being the land in dispute.

Judge Bredin: We object to that because by the evidence of this last deed offered by the plaintiffs all the interest of S. H. Kelly had passed to Mr. Dickey; that he had nothing to convey. We object to the deed and ask the court to rule on that, because by the former deed offered in evidence all the title passed from Mr. Kelly to Mr. Dickey and there was nothing to pass.

The Court: I think we will not receive this deed unless there is more proof to show that Kelly had land in there.

Mr. Vanderlin: We propose to follow this by evidence to show where Dickey bought to, and it left a part of No. 12 still in Kelly; to show the limits of Dickey's purchase.

The Court: We will not receive it.

Bill of exceptions sealed this 4th day of June, 1901, at request of plaintiffs' counsel.

Mr. McQuistion: To be followed by parol testimony that the land in dispute is part of lot No. 12 in the second donation district, and that it was not embraced nor included within the boundaries of title deed made by Samuel H. Kelly to Samuel Dickey, already offered in evidence and bearing date October 16, 1854, recorded in deed book 66, page 367, the boundaries in the deed from Samuel H. Kelly to Samuel Dickey being well defined by monuments and measurements and calls, and left seventy-five acres of the original numbered lot that did not pass by the deed of Kelly to Samuel Dickey, and to be

further followed by parol proof to show that lot No. 12 over-ran the amount of land described in the official draft already offered in evidence on part of plaintiff, and to be followed by proof that Miller and Hilliard claimed the land north of the line of Dickey's land.

Judge Bredin: Objected to because the deed from S. H. Kelly and wife to Samuel T. Dickey conveys to said Dickey all the land which he, the said S. H. Kelly, purchased at treasurer's sale as the property of Jonathan Porter, and being all the land between Miller and Hilliard on the north and Hannah on the south, showing by the express terms of the deed that no land remained in said Kelly to be afterwards conveyed to anyone, and the fact, moreover, that the distance given as 195 rods from north to south corresponded precisely with the distance given in the deeds already offered in evidence by the plaintiffs, preceding the Kelly deed. Objected to further; the parol testimony proposed to be offered would be entirely incompetent; it is contradicting the deed.

The Court: The plaintiff having first offered in evidence a connected draft of nine tracts of land situate, when surveyed, in donation district No. 2, now in the county of Butler, which survey was in pursuance of an act of assembly, showing that No. 12 subdistrict is between No. 13 and No. 11; that it is 261 perches from east to west and 195 perches from north to south; the plaintiff also offering deed from Porter to David Smith, showing a conveyance of 100 acres off the east side of this tract of land; also showing the deed of the treasurer of Butler county, Isaac Colbert, to S. H. Kelly for a tract of land corresponding exactly with what remains of No. 12 after 100 acres were sold off, and also as the same deed shows it was Kelly's land between Hilliard and Miller on the north and Hannah on the south, and also shows that it was all the land bought by Kelly. We refuse to receive this deed and seal a bill. [1]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) in giving binding instructions for defendant.

*Lev. McQuistion*, with him *J. C. Vanderlin*, for appellant.

*James Bredin*, with him *Joseph Bredin*, for appellee.

OPINION BY BEAVER, J., October 13, 1902:

We are unable to see how the questions contained in the statement of the questions involved have any relevancy to the case as it was presented in the court below. Plaintiffs and defendant both claimed under Samuel Kelly, who was the purchaser at treasurer's sale of the interest of Jonathan Porter in lot No. 12 of the second donation district. Plaintiffs, as part of their case in chief, offered the deed from Isaac Colbert, county treasurer, to Samuel Kelly for all remaining interest in Jonathan Porter in lot No. 12 which, as the plaintiffs claim in the history of the case, includes the land in suit. Following this, plaintiffs offered a deed from Samuel H. Kelly to Samuel Dickey which conveys the land described as follows : " Beginning at a post, the northwest corner, and running from thence by lands of Peter Hilyard or Jacob Miller east one hundred and ninety-one perches to a post; thence by lands of Daniel Smith south one hundred and ninety-five perches to a post; thence by lands of Robert Hannah west one hundred and ninety-one perches to a post; thence by lands of James Gardner heirs north one hundred and ninety-five perches to the place of beginning ; containing two hundred and ninety acres and ninety-five perches and allowance, be the same more or less, the same tract or piece of land sold by Isaac Colbert, treasurer of Butler county, as the property of Jonathan Porter for taxes, and purchased by and deeded to the above named Samuel H. Kelly, by the said treasurer of Butler county, by a deed dated the 8th day of June, A. D. 1846." It was not alleged that Samuel Kelly had any other title than the one conveyed to him by the treasurer. After offering the deed from Kelly to Dickey, containing the above description, plaintiffs offered a deed from the widow and heirs of Samuel H. Kelly, deceased, to the plaintiffs, dated July 23, 1890, for a strip of land lying north of the Smith and Dickey purchase and extending east and west the entire length of the tract and adjoining lot No. 13. This offer was objected to by the defendant, upon the ground that the deed from Kelly to Dickey, already in evidence, showed that "said Kelly had parted with all the land he had purchased by virtue of the treasurer's tax deed and that said deed included all the

balance of lot No. 12 remaining after the Smith purchase was taken out." The plaintiffs offered, in connection with the deed of Kelly's heirs, to show by parol "by marks and monuments on the ground, the limit of the Smith and Dickey purchase, and also by marks on the ground the true division original line separating lot No. 12 from lot No. 13, and that lot No. 12 contained more land than the patent deed to Dr. Robert Johnston called for, and that the land included in the deed offered was within the original lines of lot No. 12." These offers were not admitted and the refusal of the court to admit them constitutes the principal grounds upon which the assignments of error are based.

If the deed from Kelly to Dickey, under whom the defendant claims, embraced all the land purchased by Kelly at the treasurer's sale, Kelly's heirs had nothing whatever to convey and the plaintiffs' offers were properly rejected. It seems clear from the express wording of the description in the deed from Kelly to Dickey that Kelly intended to convey and did convey to Dickey "all the land sold by Isaac Colbert, treasurer of Butler county, as the property of Jonathan Porter for taxes and purchased by and deeded to the above named Samuel Kelly by the said treasurer of Butler county." It is true that the description contains metes and bounds but the amount is described to be 319 acres and ninety-five perches and allowance, be the same more or less, and then follows the comprehensive phrase above quoted which includes all the interest of Jonathan Porter sold by the treasurer and bought by Kelly. When, therefore, the plaintiffs gave in evidence the deed from Kelly to Dickey, there being no evidence whatever of any other title in Kelly than that which he had acquired at the treasurer's sale, they put an end to their own case. Kelly's heirs had nothing to convey and the plaintiffs took nothing by their deed. The plaintiffs' offer was, therefore, properly excluded and, there being no evidence before the jury, showing title in the plaintiffs, the verdict was properly directed for the defendant.

Judgment affirmed.